UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D DARREN MEAHL,

    Plaintiff,

                                                    Case No. 1:21-cv-670

v.

                                                    Hon. Hala Y. Jarbou

THE NATION COMPANY, LLC,

    Defendant.
_____/

**ORDER**

    This is a purported diversity action in which Plaintiff, a Michigan resident, brings a claim under Michigan law on behalf of himself and a putative class of other Michigan residents against Defendant The Nation Company, LLC.  Plaintiff relies on 28 U.S.C. § 1332(d) as the basis for jurisdiction.  That section permits the Court to exercise jurisdiction where the amount in controversy exceeds $5,000,000 and "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"  28 U.S.C. § 1332(d)(2)(A).

    Defendant is a limited liability company.  "[L]imited liability companies 'have the citizenship of each partner or member.'"  *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).  Thus, Defendant might be a citizen of Michigan if any of its partners or members are citizens of Michigan.  If that were the case, the Court would not have jurisdiction over this matter because Plaintiff and all the proposed class members would be a citizen of the same state as Defendant.

    When Plaintiff filed his original complaint, he did not allege the citizenship of any of the members of Defendant.  The Court entered an order notifying him that "[a] party invoking this Court's diversity jurisdiction must state all parties' citizenship so that the court can confirm the

existence of diversity." (8/6/2021 Order, ECF No. 5.) Because Plaintiff had not fulfilled this requirement, the Court ordered him to show cause why the Court should not dismiss the complaint for lack of subject matter jurisdiction. Alternatively, the Court permitted Plaintiff to file an amended complaint "properly alleging subject matter jurisdiction." (*Id.*) If he failed to do so, the Court warned that it would dismiss the case without prejudice. (*Id.*)

In response to the Court's order, Plaintiff filed an amended complaint (ECF No. 6) and then a corrected amended complaint (ECF No. 7). In the corrected amended complaint, Plaintiff attempts to cure the deficiency in his original complaint by alleging that he "is informed and believes that none of Defendant's members is a citizen of the State of Michigan." (Corrected 1st Am. Compl. ¶ 10, ECF No. 7.) He also alleges that, "on information and belief, at least one Class member is a citizen of a state different from Defendant and each of its members." (*Id.* ¶ 11.)

Plaintiff's corrected amended complaint does not allege the citizenship of Defendant, as required by the Court. "[W]here jurisdiction depends upon the citizenship of the parties, such citizenship . . . should be distinctively and positively averred in the pleadings . . . ." *Anderson v. Watts*, 138 U.S. 694, 702 (1891). "[A] negative statement that a party is not a citizen of a particular state" is generally not sufficient to invoke diversity jurisdiction. 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3611 (3d ed.). Here, Plaintiff offers only a negative statement of the citizenship of Defendant rather than the positive statement the Court required. Thus, he has not properly alleged subject matter jurisdiction.

Accordingly, the Court will enter a judgment dismissing the case without prejudice for lack of subject matter jurisdiction.

Dated:  August 18, 2021                              /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     UNITED STATES DISTRICT JUDGE